# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY.

### MARCH TERM, 1903.

———

HOWARD L. HALL, respondent,

*v.*

MARY M. HALL, appellant.

[Filed June 15th, 1903.]

Where the circumstances under which a wife deserts her husband are such as to impose upon the latter the duty of using active effort to terminate it, he is only excused from making such effort when it is manifest, from the facts in the case, that to do so would be unavailing.

———

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *53 All. Rep. 455.*

Hall *v.* Hall.

*Mr. James F. Minturn,* for the appellant.

*Mr. John I. Weller,* for the respondent.

The opinion of the court was· delivered by

GUMMERE, CHIEF-JUSTICE.

The appeal in this case is from a decree of divorce granted upon a petition filed by a husband against his wife for desertion. The facts are fully set forth in the opinion of the vice-chancellor (*53 Atl. Rep. 455*), and entirely justify the conclusion that there was a willful, continued and obstinate desertion of the respondent by the appellant, within the meaning of the statute. We concur not only in the conclusion reached by the vice-chancellor, but in the opinion rendered by him,. except that we find therein a somewhat inaccurate statement of a rule of divorce law which we think should not be passed without notice. That statement, in effect, is that when the facts show that the action of a wife, in leaving her husband, is the result of a settled determination on her part to separate from him, the husband is not bound to seek her out and endeavor to induce her to return to him; that it is only when the wife leaves her husband on the impulse of the moment, without premeditation, that this duty rests on the latter. In the case of *Hall* v. *Hall, 15 Dick. Ch. Rep. 469,* the rule was stated by this court to be that when the circumstances under which the wife's desertion took place were such as to impose upon the husband the duty of using active effort to terminate it by making such advances or concessions as might reasonably be expected to induce her to return to him, he was only excused ·from making such effort when it was manifest, from the facts in the case, that to do so would be unavailing.

The decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, VAN SYCKEL, GARRISON, FORT, GARRETSON, HENDRICKSON, SWAYZE, BOGERT, VREDENBURGH, VOORHEES—10.

*For reversal*—DIXON, VROOM—2.